1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VERNON W. OFFICER, JR., d/b/a
International Underwater Dive & Explorations
LLC,

                            Plaintiff,

        v.

LOV-RICKS SEA-CRAFT, Anacortes,
Washington,

                            Defendant.

Case No. C17-0142-RSL-MAT

REPORT AND RECOMMENDATION

On January 30, 2017, plaintiff Vernon W. Officer, Jr. submitted to this Court for filing a

civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed with this

action *in forma pauperis*. (*See* Dkt. 1.) Plaintiff appeared to assert in his complaint that a ship

owned by his corporation was seized by the Coast Guard after defendant provided false

information to the Coast Guard regarding the vessel and/or plaintiff's corporation. (*See* Dkt. 5 at

3-4.) Plaintiff also appeared to assert that defendant improperly sold the vessel at auction after it

was seized. (*See id*.) The only defendant named in the complaint was Lov-Ricks Sea-Craft, a

private company based in Anacortes, Washington. Plaintiff requested damages.

REPORT AND RECOMMENDATION
PAGE - 1

On February 9, 2017, the Court issued an Order granting plaintiff's application to proceed *in forma pauperis* and his complaint was filed.  (Dkts. 4 and 5.)  On the same date, this Court issued an Order directing plaintiff to show cause why this action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  (Dkt. 6.)  The Court explained therein that plaintiff's complaint was deficient because he failed to allege any violation of a federally protected right and he failed to identify a state actor as a defendant, both of which are required in order to adequately state a cause of action under § 1983.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff filed a timely response to the Order to Show Cause on February 23, 2017.  (Dkt. 7.)  In his response, plaintiff provides additional detail regarding his claims, but he again fails to identify the constitutional right he believes was violated by the conduct of defendant and he fails to demonstrate that the named defendant is properly deemed a state actor for purposes of § 1983.  (*See id*.)  On March 14, 2017, plaintiff filed a motion for an extension of time in which he requests an additional 90 days to show cause.  (Dkt. 8.)  In his motion, plaintiff indicates that he is not clear on what the Court requires of him at this point and he wishes to obtain legal assistance to pursue this matter further.  (*Id*.)  Plaintiff also reiterates in his motion his claim that the defendant in this action improperly sold a vessel belonging to plaintiff's corporation.  (*Id*.)  Nothing in plaintiff's motion, however, suggests that plaintiff will be able to state a viable claim under § 1983 even if granted the requested extension.

Accordingly, this Court recommends that plaintiff's motion for an extension of time be denied, and that plaintiff's complaint and this action be dismissed, with prejudice, pursuant to § 1915(e)(2)(B)(ii).  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and

REPORT AND RECOMMENDATION
PAGE - 2

served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 21, 2017**.

DATED this 28th day of March, 2017.


Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3